# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HUGO SANCHEZ RANSAY,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

Case No. 1:26-cv-07114-KES-EPG-HC

FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER

ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL

(ECF No. 3)

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends that the petition for writ of habeas corpus be granted and Respondents be directed to immediately release Petitioner.

**I.**

**BACKGROUND**

Petitioner is a citizen of Cuba was paroled into the United States on November 29, 1995. (ECF No. 12-1 at 1, 2.[1]) On October 16, 2014, Petitioner was ordered removed to Cuba. (ECF No. 12-2 at 1.) On May 26, 2015, Petitioner was released on an order of supervision ("OSUP").

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

(ECF No. 12-1 at 13.) On December 18, 2025, Petitioner was arrested for petit theft and he was transferred into Department of Homeland Security ("DHS") custody on or about December 19, 2025. (Id. at 2.) On February 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") issued a notice of revocation of release, identifying that release was revoked based on Petitioner violating the conditions of his release by committing a new law violation (petty theft) and a significant likelihood of Petitioner's removal in the reasonably foreseeable future. (Id. at 13–15.)

On September 4, 2026, Petitioner filed a petition for writ of habeas corpus challenging his immigration detention, asserting that his continued detention violates due process and his order of supervision was revoked in violation of applicable regulations and due process. (ECF No. 1 at 6–7.) On September 30, 2026, Respondent filed response. (ECF No. 12.)

## II.

## DISCUSSION

Although the deadline for Petitioner to file a reply to Respondents' response has not yet passed, the undersigned finds that issuance of the findings and recommendation is appropriate.

### A. Abuse of Writ

Respondents argue that the petition should be dismissed as an abuse of the writ. (ECF No. 18 at 3.) The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Alaimalo, 645 F.3d at 1049 (citations omitted).

Respondent argues that the "petition here reprises arguments about initial detention, continued custody, removal, and OSUP's revocation, all of which were raised by or available for his previous petition" filed in the United States District Court for the Middle District of Florida. (ECF No. 12 at 3.) The United States District Court for the Middle District of Florida denied Petitioner's previous petition *without prejudice*. (ECF No. 12-1 at 22, 25.) Additionally, as the

undersigned recommends finding that Petitioner is unlawfully detained and entitled to immediate release for the reasons stated in sections II(B)–(D), *infra*, a fundamental miscarriage of justice would result from failure to entertain the petition. Accordingly, the undersigned recommends finding that the petition should not be dismissed on this ground.

**B. 8 C.F.R. § 241.13(i)(1)**

Respondent states that "[b]ased on the petitioner's criminal history, which includes one count of petty theft, ICE-ERO determined that he violated a condition of his release and returned him to custody pursuant to Section 241.13(i)(1)." (ECF No. 12 at 3.) Petitioner's detention has exceeded the six months authorized by § 241.13(i)(1). See 8 C.F.R. § 241.13(i)(1) ("Any alien who has been released under an order of supervision under this section who violates any of the conditions of release may be returned to custody . . . . The alien may be continued in detention for an additional six months in order to effect the alien's removal, if possible, and to effect the conditions under which the alien had been released."); Tran v. Warden, California City Corr. Ctr., No. 1:26-cv-04098-DAD-CKD (HC), 2026 WL 2099295, at *3 (E.D. Cal. July 21, 2026) ("First, petitioner's continued detention is no longer authorized by § 241.13(i)(1). Petitioner has now been in detention for more than six months since ICE determined that he violated the conditions of his release. The plain language of the regulation indicates that the continued detention of a noncitizen who violates the conditions of their release is authorized only for an additional six months."); Banos-Jiron v. Lyons, No. 1:26-cv-00716-KES-CDB (HC), 2026 WL 972527, at *4 (E.D. Cal. Apr. 10, 2026) ("The plain meaning of the provision that '[t]he alien may be continued in detention *for an additional six months*' limits detention based on a violation of the Order of Supervision to six months." (citing 8 C.F.R. § 241.13(i)(1))).

As Petitioner has been detained for ten months, "his criminal history does not automatically justify his present detention." Pedro V.L. v. Warden, No. 1:26-cv-05261-JLT-EGC (HC), 2026 WL 2607611, at *1 (E.D. Cal. Sept. 3, 2026) (finding continued detention for more than eight months not authorized by § 241.13(i)(1)). Accordingly, the undersigned recommends finding that Petitioner's continued detention is no longer authorized by 8 C.F.R. § 241.13(i)(1).

\\\

**C. Likelihood of Petitioner's Removal**

Respondent states that "ICE-ERO concluded that there is a significant likelihood of Ransy's removal, based on its ability to remove Ransay to Mexico (provided that he cooperates) and on ICE's effort to arrange for Ransay's removal to another third country" and that Petitioner's "custody was recently reviewed, and ICE-ERO decided he constitutes a flight risk and should remain detained." (ECF No. 12 at 3–4.)

"[W]hen ICE revokes release to effectuate removal, 'it is [ICE's] burden to show a significant likelihood that the alien may be removed.'" Yan-Ling X., 813 F. Supp. 3d at 1163 (first alteration added) (quoting Escalante v. Noem, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)). "Courts have noted that that the standing agreement between the United States and Mexico appears premised on Petitioner's compliance and have therefore held removal based on the standing agreement between the United States and Mexico is not reasonably foreseeable when the noncitizen does not consent to the removal." Ramirez Outerino v. Warden, Mesa Verde ICE Processing Ctr., No. 1:26-cv-05326-DJC-JDP, 2026 WL 2327873, at *2 n.1 (E.D. Cal. Aug. 11, 2026) (collecting cases). Here, Petitioner has refused consent to removal to Mexico. (ECF No. 12-1 at 11.)

The declaration of a deportation officer submitted by Respondent states:

> ERO is currently exploring other options for third country removal. ERO has requested the assistance of HQ in determining another third country that petitioner can be removed to, in addition to the ongoing efforts concerning third country removal to Mexico. To date, petitioner has not been approved for third country removal to any country other than Mexico.

(ECF No. 12-1 at 11.) Respondent does not provide any further details regarding ERO's efforts and does not identify any third country that is willing to accept Petitioner. A "general assertion that ICE is 'mak[ing] efforts' . . . is not compelling." Vu v. Noem, No. 1:25-cv-01366-KES-SKO (HC), 2025 WL 3114341, at *6 (E.D. Cal. Nov. 6, 2025).

Accordingly, the undersigned recommends finding that Respondent has failed to satisfy the burden that changed circumstances have made Petitioner's removal significantly likely in the reasonably foreseeable future under 8 C.F.R. § 241.13(i), and "even assuming the traditional

burden shifting framework from *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001), applies, the facts here satisfy Petitioner's burden to show there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents fail to rebut that showing." Pedro V.L., 2026 WL 2607611, at *1. See Nguyen v. Scott, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur.").

**D. Remedy**

"Federal habeas corpus practice, as reflected by the decisions of [the Supreme] Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief. Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" Hilton v. Braunskill, 481 U.S. 770, 775 (1987). "[H]abeas corpus is, at its core, an equitable remedy." Schlup v. Delo, 513 U.S. 298, 319 (1995).

1. Immediate Release

Based on the foregoing, the undersigned recommends finding that Petitioner's detention has exceeded six months and is no longer authorized by § 241.13(i)(1) and his immediate release from custody is warranted. See Pedro V.L., 2026 WL 2607611, at *2 (ordering immediate release where continued detention for more than eight months was not authorized by § 241.13(i)(1) and there was no significant likelihood of removal in the reasonably foreseeable future given petitioner's non-consent to third country removal to Mexico).

2. Pre-Deprivation Hearing

"[M]any courts in this district have found that when a non-citizen subject to a final order of removal is released on OSUP and is re-detained years later, the non-citizen is entitled to a pre-deprivation hearing prior to detention due to an accrued liberty interest." Huang v. Albarran, 818 F. Supp. 3d 1154, 1166 (E.D. Cal. 2026) (citing J.L.R.P. v. Wofford, No. 1:25-cv-01464-KES-SKO (HC), 2025 WL 3190589, at *8–10 (E.D. Cal. Nov. 14, 2025); Alva v. Kaiser, No. 25-cv-06676-RFL, 2025 WL 2419262, at *3–5 (N.D. Cal. Aug. 21, 2025)). Applying the Mathews v. Eldridge, 424 U.S. 319 (1976), factors, the J.L.R.P. court "found that the petitioner was entitled

to a bond hearing prior to re-detention because":

> (1) petitioner had a significant private interest in remaining free from detention after being out of custody for nearly four years and built normal attachments to life (2) the risk of erroneous deprivation is high because 8 C.F.R. §§ 241.13 and 241.4 do not provide for review of ICE's reasons for revocation by a neutral arbitrator and (3) the government's interest in detaining petitioner without a hearing is low because in immigration court, custody hearings are routine with minimal costs.

Huang, 818 F. Supp. 3d at 1166 (citing J.L.R.P., 2025 WL 3190589, at *9–10). "Similarly, in *Alva*, the court found a due process violation where the government detained a non-citizen with a final order of removal, released on OSUP for over six years, without a pre-deprivation hearing." Huang, 818 F. Supp. 3d at 1166 (citing Alva, 2025 WL 2419262, at *3–5). Likewise, in Huang, the court found a due process violation where the government detained the petitioner with a final order of removal, released on OSUP for nearly seven and a half years, without a pre-deprivation hearing. Huang, 818 F. Supp. 3d at 1166–67.

**E. Motion to Appoint Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In light of the Court's recommendation that Petitioner is entitled to habeas relief, the undersigned will deny Petitioner's motion for appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED.

2. Respondents be directed to immediately release Petitioner from custody under appropriate conditions.
3. Respondents be enjoined and restrained from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

Further, Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 9, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE